Electronically Filed - Greene - July 23, 2018 - 01:23 PM

## IN THE CIRCUIT COURT OF GREENE COUNTY
## STATE OF MISSOURI

**STEVEN ADAMS,** individually and on behalf
of all others similarly situated,

|                                          |              |
| Plaintiff, |              |
| vs.                                      | Case No.     |

**SPRINGFIELD RENTALS, LLC,**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**MSHP,**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**CKM Rentals, LLC,**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**RENTALS, LLC,**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**CLIFTON HEIGHTS II, LLC,**
Serve:
Bryan Wade
901 E. St. Louis, Ste. 1800

Springfield, MO 65806

and

**CLIFTON HEIGHTS,**
Serve:
Cory Collins
901 E. St. Louis, Ste. 1800
Springfield, MO 65806

and

**SOUTH VALLEY APARTMENTS, LLC**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**SOUTHERNWOOD CONDOMINIUM, LLC**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**PARKWOOD APARTMENTS, LLC**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

and

**MCKEE HOUSING, LLC,**
Serve:
Mike Seitz
3800 S. Fremont Ave.
Springfield, MO 65804

Defendants.

Exhibit A

## PETITION

**COMES NOW,** Plaintiffs, for themselves and for all other similarly situated class members, through counsel, and for their cause of action states:

1. Plaintiff Steven Adams is a citizen and resident of Indiana.

2. Defendant Springfield Rentals, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

3. Defendant, MSHP is a Missouri corporation with its principal place of business in Greene County, Missouri.

4. Defendant CKM Rentals, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

5. Defendant Clifton Heights II, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

6. Defendant Clifton Heights, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

7. Defendant South Valley Apartments, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

8. Defendant Southernwood Condominium, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

9. Defendant Parkwood Apartments, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

10. Defendant McKee Housing, LLC is a Missouri limited liability corporation with its principal place of business in Greene County, Missouri.

11. The acts and omissions described herein occurred in Greene County, Missouri.

## **FACTS COMMON TO ALL COUNTS**

12. Triple S Properties, Inc. ("Triple S") started out in 1990 with just a few rental properties but started doing land developments and looking at more ways to expand.

13. In 1998, Triple S started building apartment complexes.

14. Triple S currently has four complexes with plans for future developments. The unlawful actions alleged herein occurred in Greene County, Missouri.

15. On or about 2/19/17, Elizabeth Martinez, Elizabeth Bolden and Jesus Rios Jr. ("Applicants") applied to lease a home in Greene County Missouri and completed a rental application.

16. The home for which Applicants submitted a lease application was located at 332 W. Grace Republic, MO 65738. The home was owned by Defendant, Springfield Rentals, LLC.

17. At all times relevant to this complaint, Triple S, acted as the property manager and the authorized agent for all other defendants.

18. As property manager and agent for the defendants, Triple S:

    a. Obtained credit reports for all lease applicants;

    b. Obtained credit reports for all co-signer applicants;

    c. Entered into leases;

    d. Denied lease applications;

    e. Denied co-signer applications; and

    f. Imposed additional conditions on prospective tenants in connection with their lease applications including higher deposits, requiring a co-signer, or requiring first and last month's rent.

**Exhibit A**

19. Triple S, individually and on behalf of all Defendants, obtained consumer reports regarding Plaintiff's and class members' containing information about Plaintiff's and class members' credit characteristics, rental history, credit history and/or criminal history.

20. The consumer reports obtained by Triple S were obtained through EMS, a Consumer Reporting Agency ("CRA").

21. Plaintiff's credit history was checked by EMS for Triple S on 2/20/17.

22. Triple S represented to EMS that it had a permissible purpose under the Fair Credit Reporting Act in obtaining Plaintiff's credit report.

23. EMS is a business that assembles such reports for other businesses.

24. EMS is a CRA as that term is defined in the Fair Credit Reporting Act.

25. Triple S obtains consumer reports from credit reporting agencies for each and every applicant that applies to rent one of the properties that it manages on behalf of Defendants.

26. Triple S obtains consumer reports form credit reporting agencies for each and every co-signer applicant that applies to be a co-signer for those that apply to rent one of the properties that it manages on behalf of Defendants.

27. The report obtained by Defendant for Plaintiff's application showed Plaintiff's credit history.

28. Defendant admitted to Lori Aduddell at the Missouri Commission on Human Rights that it obtained credit reports on all persons that applied to rent the home referenced above.

29. After Triple S obtained credit reports on Applicants, it took adverse action and required Applicants to obtain a co-signer.

30. After Triple S ran a credit report on Plaintiff as Applicants' co-signer, it took further adverse rental action and claimed that it used the adverse credit information to deny Plaintiff's co-signer application and to deny Applicants' housing.

31. The adverse actions taken by Defendant were unfavorable to the interests of Plaintiff, who was a co-signer applicant, and include, but are not limited to denying the application.

32. Upon information and belief, Triple S took adverse action under the Fair Credit Reporting Act with respect to other similarly situated applicants during the last five (5) years which included, but is not limited to:

    a. Denying the application;

    b. Requiring a co-singer on the lease;

    c. Requiring a deposit that would not be required for another applicant;

    d. Requiring a larger deposit than might be required for another applicant; and

    e. Raising the rent to a higher amount than for another applicant.

33. Applicants filed a Fair Housing Complaint against Triple S alleging that its decision to deny them housing was based upon their status as disabled persons receiving disability benefits.

34. In response to the FHA complaint filed with the MCHR, Triple S claims it had a legitimate non-discriminatory reason for not renting to them – namely adverse entries on the credit reports they obtained.

35. Triple S, admits taking action, in whole or part, based upon information contained in the consumer reports of Plaintiffs.

36. Defendants are vicariously liable for the acts and omissions of Triple S taken on behalf of Defendants in discharging its duties to manage Defendants' rental properties.

37. Triple S acted as an agent of Defendants at all times pertinent to the unlawful acts and omissions described herein.

38. Defendants held Triple S out to Plaintiff and the putative class as having the authority, as Defendants' property manager, to obtain credit reports on Plaintiff and class members, take

the adverse actions described herein and commit the unlawful acts and omissions described herein.

39. Defendants conveyed actual and apparent authority upon Triple S to commit the unlawful acts and omissions described herein.

40. Triple S acted in concert with and on behalf of Defendants at all times pertinent herein.

41. As part of the unlawful acts and omissions described above, Defendants and Triple S breached their common duties to Plaintiffs under the FCRA as described above.

42. Defendants are jointly and severally liable for the unlawful acts and omissions described above.

## CLASS ACTION ALLEGATIONS

43. Plaintiff incorporates the preceding allegations by reference as if set forth in full.

44. Plaintiff brings his claims individually and on behalf of the following classes of individuals:

All persons who, within the five years preceding the filing of this petition:
(a) submitted a lease or co-signer application to Defendant Triple S Properties, and
(b) Defendant Triple S obtained a consumer credit report, and
(c) Defendant Triple S took adverse action as to their lease or co-signer application based upon the contents of their consumer credit report, and
(d) who did not receive any FCRA adverse action notice from Defendants.

45. Excluded from the above class definitions are Defendants and Triple S, any entity in which any Defendants or Triple S has a controlling interest, any of the officers, directors, or employees of Defendants or Triple S, the legal representatives, heirs, successors, and assigns of Defendants, or their immediate family and Plaintiffs' counsel.

46. Plaintiff seeks to act as class representative.

**NUMEROSITY**

47. The proposed class is so numerous that joinder of all class members is impracticable.

48. On information and belief, Triple S, on behalf of Defendants, has obtained numerous credit reports on tenants or cosigners, taken adverse action in whole or part based thereon, and failed to provide adverse action notice as provided by the FCRA.

**COMMON QUESTIONS OF LAW AND FACT**

49. Questions of law or fact common to the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

50. There are questions of law and fact common to the class. These include but are not limited to:

    a. Whether Triple S, on behalf of Defendants, obtained a consumer report.

    b. Whether Triple S, on behalf of Defendants, took adverse action in part based upon information in the report.

    c. Whether Triple S, on behalf of Defendants, provided post-adverse action notice to class members.

    d. Whether the FCRA violations were willful.

    e. Whether class members are entitled to statutory damages for each violation.

    f. The existence, nature, and validity of any defenses Defendants may have.

    g. Whether Defendants are jointly and severally liable for the FCRA violations described above.

Electronically Filed - Greene - July 23, 2018 - 01:23 PM

## TYPICALITY

51. Plaintiff's claims are typical of the proposed class's claims.

52. Triple S, on behalf of Defendants, typically runs a credit report on rental applicants and cosigners in a similar fashion using the same CRA.

53. Triple S, on behalf of Defendants, typically makes leasing decisions based upon negative information in the credit reports.

54. Upon information and belief, Triple S, on behalf of Defendants, typically fails to provide adverse action notice.

## ADEQUACY OF REPRESENTATION

55. Plaintiff, as representative of the class, will fairly and adequately protect the interests of the proposed class and has no interests that conflict with or are antagonistic to the interests of the class members.

56. Plaintiff has retained attorneys competent and experienced in class action litigation.

57. No conflict exists between Plaintiff and members of the class.

58. Counsel has been appointed class counsel in multiple national class actions.

59. Counsel has been appointed class counsel in state class actions.

60. Counsel has recovered multi-millions of dollars in benefits for class members in state and national class actions since 1996.

## SUPERIORITY

61. This case is maintainable as a class action because prosecution of actions by or against individual members of the proposed classes would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants.

Exhibit A

62. Further, adjudication of each individual class members' claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

63. This case is also maintainable as a class action because Defendants have acted or refused to act on grounds that apply generally to the proposed classes, so that equitable relief is appropriate respecting the classes as a whole.

64. Class certification is also appropriate because questions of law and fact common to the proposed classes predominate over any questions affecting only individual members of the proposed classes, and because a class action is superior to other methods for the fair and efficient adjudication of this litigation.

65. Defendants' conduct described in this petition stems from common and uniform policies and practices.

66. Members of the proposed classes do not have an interest in pursuing separate actions against Defendants, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution.

67. The Plaintiff is unaware of any similar claims brought against Defendants by any members of the proposed classes on an individual basis.

68. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendants' practices.

69. Moreover, management of this action as a class action will not present any likely difficulties.

70. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all proposed class members' claims in a single forum.

71. Plaintiff intends to send notice to all members of the proposed classes to the extent required.

72. The names and address of the proposed class members are available from Defendants' records and from the credit reports Defendants obtained.

## COUNT I--FAIR CREDIT REPORTING ACT

73. Plaintiff incorporates by reference the preceding allegations as if set forth in full in this count.

74. Defendants obtained a consumer report as to Plaintiff and class members.

75. Defendants took adverse action after receiving Plaintiff's report, which included denying Plaintiff's cosigner application.

76. Defendants took various adverse action against class members.

77. After taking adverse action after obtaining the consumer reports, Defendants willfully failed and refused to provide any of the post-adverse action disclosure requirements set forth under the Fair Credit Reporting Act "FCRA" (15 U.S.C. § 1681 et seq.).

78. Defendants at no time complied with the FCRA by providing the requisite post-adverse action notice, which included, but was not limited to:

   a. Providing written or verbal notice it took adverse action in whole or part based upon information contained in their credit reports;

   b. Informing Plaintiff and class members of their right to see information being reported about them and to correct inaccurate information;

   c. Informing Plaintiff and class members of the name, address, and phone number of the consumer reporting company that supplied the report;

d.  Providing Plaintiff and class members a statement that the company that supplied the report did not make the decision to take the unfavorable action and can't give specific reasons for it; and

e.  Providing Plaintiff and class members notice of their right to dispute the accuracy or completeness of any information the consumer reporting company furnished, and to get a free report from the company if the Plaintiffs ask for it within 60 days.

79. Defendants, Springfield Rentals, LLC, MSHP, CKM Rentals, LLC, Clifton Heights II, LLC, Clifton Heights, South Valley Apartments, LLC, Southernwood Condominium, LLC, Parkwood Apartments, LLC, and McKee Housing, LLC, are variously and/or jointly and severally liable for the acts of their agent, Triple S Properties, Inc.

80. As a direct and proximate result of Defendants' conduct described above, Plaintiffs have been damaged.

81. Plaintiff is entitled to statutory damages.

82. Plaintiff is entitled to actual damages.

83. Plaintiff is entitled to their attorney's fees and costs under the FCRA at the rate of $450 per hour for all time expended working on this matter.

**WHEREFORE**, Plaintiff prays for (a) an order certifying the class; (b) judgment against the Defendant, (c) damages; (d) for his costs and expenses incurred herein, (e) for his attorney's fees and (f) for such other relief as the Court deems just and proper.

**DOUGLAS, HAUN & HEIDEMANN, P.C.**
111 West Broadway, P.O. Box 117
Bolivar, Missouri 65613
Telephone: (417) 326-5261
Facsimile: (417) 326-2845
craig@dhhlawfirm.com
nathan@dhhlawfirm.com


By _/s/ Craig R. Heidemann_
       Craig R. Heidemann
       Missouri Bar No. 42778
       Nathan A. Duncan
       Missouri Bar No. 60186
       Attorneys for Plaintiffs

**DHH File No. L24659-001**